PROSKAUER ROSE LLP
Kathleen McKenna (KM-4258)
1585 Broadway
New York, New York  10036
212.969.3000

*Attorneys for Defendant*
Kinray, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARIA ARIZA,

    Plaintiff,

  -AGAINST-

KINRAY, INC.,

    Defendant.

---

Case No. 07 CV 611 (CBA) (SMG)

**ANSWER TO COMPLAINT**

Defendant Kinray, Inc., ("defendant") by its undersigned counsel, Proskauer Rose LLP, states in answer to the Verified Complaint of plaintiff Maria Ariza ("plaintiff"), filed on or about February 13, 2007 ("Complaint"), as follows:

**PARTIES AND JURISDICTION**

  1.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

  2.  Defendant admits the allegations contained in paragraph 2 of the Complaint.

  3.  Except to admit that plaintiff is a female of Hispanic descent, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. The allegations contained in the first paragraph numbered "4" in the Complaint set forth legal conclusions that defendant is required neither to admit not deny. To the extent a response is required, defendant denies the allegations contained in the first paragraph numbered "4" in the Complaint.

5. The allegations contained in the second paragraph numbered "4" in the Complaint set forth legal conclusions that defendant is required neither to admit not deny. To the extent a response is required, except to admit that this Court has jurisdiction to hear certain of plaintiff's claims pursuant to 28 U.S.C. § 1331, defendant denies the allegations contained in the second paragraph numbered "4" in the Complaint.

6. Except to admit that plaintiff was employed by defendant within the judicial district of the United States District Court for the Eastern District of New York, defendant denies the allegations contained in paragraph 5 of the Complaint.

7. Except to admit that the United States Equal Employment Opportunity Commission issued a Notice of Suit Rights to plaintiff on September 26, 2006, defendant denies the allegations contained in paragraph 6 of the Complaint.

## FACTUAL BACKGROUND

8. Defendant admits the allegations contained in paragraph 7 of the Complaint.

9. Defendant denies the allegations contained in paragraph 8 of the Complaint.

10. Defendant denies the allegations contained in paragraph 9 of the Complaint.

11. Defendant admits the allegations contained in paragraph 10 of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

13. Except to admit that David Zimmerman is Caucasian and supervised plaintiff and to deny knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff knew Mr. Zimmerman "only by the name David," defendant denies the allegations contained in paragraph 12 of the Complaint.

14. Defendant denies the allegations contained in paragraph 13 of the Complaint.

15. Defendant denies the allegations contained in paragraph 14 of the Complaint.

16. Defendant denies the allegations contained in paragraph 15 of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

18. Defendant denies the allegations contained in paragraph 17 of the Complaint.

19. Defendant denies the allegations contained in paragraph 18 of the Complaint.

20. Defendant denies the allegations contained in paragraph 19 of the Complaint.

21. Defendant denies the allegations contained in paragraph 20 of the Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

23. Defendant denies the allegations contained in paragraph 22 of the Complaint.

24. Defendant denies the allegations contained in paragraph 23 of the Complaint.

25. Defendant denies the allegations contained in paragraph 24 of the Complaint.

26. Defendant denies the allegations contained in paragraph 25 of the Complaint.

27. Defendant denies the allegations contained in paragraph 26 of the Complaint.

28. Defendant denies the allegations contained in paragraph 27 of the Complaint.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

30. Defendant denies the allegations contained in paragraph 29 of the Complaint.

31. Except to admit that plaintiff called the police, defendant denies the allegations contained in paragraph 30 of the Complaint.

32. Defendant denies the allegations contained in paragraph 31 of the Complaint.

33. Defendant denies the allegations contained in paragraph 32 of the Complaint.

34. Except to admit that defendant terminated plaintiff's employment and that defendant's security personnel escorted plaintiff off defendant's premises, defendant denies the allegations contained in paragraph 33 of the Complaint.

35. The allegations contained in paragraph 34 of the Complaint set forth legal conclusions that defendant is required neither to admit not deny. To the extent a response is required, except to admit that plaintiff is female and Hispanic, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

36. Except to admit that plaintiff filed a charge with the New York State Division of Human Rights and the Equal Employment Opportunity Commission and to refer to any writings referenced in paragraph 35 of the Complaint for the contents thereof and to deny that plaintiff filed a charge of national origin discrimination, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

37. Defendant denies the allegations contained in paragraph 36 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
## VIOLATION OF FEDERAL CIVIL RIGHTS LAW

38. Defendant repeats and incorporates each and every answer to the allegations contained in paragraphs 1 through 36 of the Complaint as if set forth at length herein.

39. Defendant denies the allegations contained in paragraph 38 of the Complaint.

40. Defendant denies the allegations contained in paragraph 39 of the Complaint.

41. Defendant denies the allegations contained in paragraph 40 of the Complaint.

42. Defendant denies the allegations contained in paragraph 41 of the Complaint.

43. Defendant denies the allegations contained in paragraph 42 of the Complaint.

44. Defendant denies the allegations contained in paragraph 43 of the Complaint.

45. Defendant denies the allegations contained in paragraph 44 of the Complaint.

46. Defendant denies the allegations contained in paragraph 45 of the Complaint.

47. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

48. Defendant denies the allegations contained in paragraph 47 of the Complaint.

49. Defendant denies the allegations contained in paragraph 48 of the Complaint.

50. Defendant denies the allegations contained in paragraph 49 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW

51. Defendant repeats and incorporates each and every answer to the allegations contained in paragraphs 1 through 49 of the Complaint as if set forth at length herein.

52. Defendant denies the allegations contained in paragraph 51 of the Complaint.

53. Defendant denies the allegations contained in paragraph 52 of the Complaint.

54. Defendant denies the allegations contained in paragraph 53 of the Complaint.

55. Defendant denies the allegations contained in paragraph 54 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
## VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW

56. Defendant repeats and incorporates each and every answer to the allegations contained in paragraphs 1 through 54 of the Complaint as if set forth at length herein.

57. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint.

58. Defendant denies the allegations contained in paragraph 57 of the Complaint.

59. Defendant denies the allegations contained in paragraph 58 of the Complaint.

60. Defendant denies the allegations contained in paragraph 59 of the Complaint.

61. Defendant denies the allegations contained in paragraph 60 of the Complaint.

62. Defendant denies the allegations contained in paragraph 61 of the Complaint.

63. Defendant denies that plaintiff is entitled to the relief requested in the *ad damnum* clause of the Complaint, and denies that plaintiff is entitled to any relief whatsoever.

## FIRST DEFENSE

64. The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

65. The Complaint is barred, in whole or in part, by the failure to satisfy, exhaust, and/or comply with the necessary statutory prerequisites prior to the commencement of this action, including, but not limited to, the applicable statutes of limitation and/or filing periods.

## THIRD DEFENSE

66. Plaintiff is estopped and barred by her own conduct from recovering any relief.

## FOURTH DEFENSE

67. Plaintiff's claims are barred, in whole or in part, or her recoverable damages should be reduced, because she failed to take reasonable steps to mitigate her purported damages, if any.

## FIFTH DEFENSE

68. Defendant relied on legitimate and nondiscriminatory business factors in its actions and decisions with respect to plaintiff.

## SIXTH DEFENSE

69. The Complaint, in whole or in part, fails to state a claim upon which an award of compensatory, consequential, incidental and punitive damages, attorneys' fees and costs, and any form of equitable relief can be granted.

## SEVENTH DEFENSE

70. Plaintiff's Complaint is barred in whole or in part by the doctrines of laches, waiver, misrepresentation, and/or unclean hands.

## EIGHTH DEFENSE

71. Plaintiff is not entitled to recover punitive damages on her claims of discrimination, to the extent she seeks such damages, because at all relevant times, defendant engaged in good-faith efforts to comply with all laws prohibiting discrimination in employment.

## NINTH DEFENSE

72. Defendant acted in good faith and without malice, willfulness, recklessness or evil intent.

## TENTH DEFENSE

73. Defendant is not liable to plaintiff for discrimination because it exercised reasonable care to prevent and correct any alleged wrongful behavior, and plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by defendant and otherwise failed to avoid harm.

## ELEVENTH DEFENSE

74. In the event that plaintiff can demonstrate that an impermissible factor was a motivating factor in the employment decisions that she challenges (which defendant expressly denies), she is not entitled to money damages, reinstatement or other relief because defendant would have taken the same actions in the absence of any impermissible factor, and accordingly is not liable to plaintiff.

## TWELFTH DEFENSE

75. The claims contained in the Complaint are barred as to any matters not contained in an administrative charge of discrimination.

## THIRTEENTH DEFENSE

76. Defendant is not liable for the acts or omissions of any supervisory or managerial employees that were beyond the scope of employment.

## FOURTEENTH DEFENSE

77. Plaintiff is not entitled to punitive damages or attorneys' fees and costs under the New York State Human Rights Law.

## FIFTEENTH DEFENSE

78.     To the extent that plaintiff seeks to recover from defendant for personal injuries allegedly incurred in the course of, or arising out of, her employment with defendant, such recovery is barred by the exclusivity provision of the New York workers' compensation law.

Defendant reserves the right to amend this Answer and to assert additional defenses and/or supplement, alter or change the Answer upon completion of appropriate investigation and discovery.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint against it in its entirety, with prejudice, and awarding it attorneys' fees, costs of suit, and such other and further relief as this Court deems just, proper, and equitable.

Respectfully submitted,

PROSKAUER ROSE LLP
1585 Broadway
New York, New York  10036
212.969.3000

*Attorneys for Defendant*
Kinray, Inc.

By:  s/Kathleen M. McKenna
          Kathleen M. McKenna (KM-4258)

Dated:  March 26, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused to be served a true and correct copy of the foregoing Answer to Complaint by e-filing and Federal Express overnight delivery upon the following counsel:

>David J. Seidemann, Esq.
>Seidemann & Mermelstein
>974 East 27th Street
>Brooklyn, New York  11210
>(718) 692-1013
>Attorneys for Plaintiff

Dated: Newark, New Jersey
       March 26, 2007

By: _____
    John R. Seewald, Jr.